UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELBERT QUALLS,<br><br>　　　　　Defendant. | 1:98-cr-005268 LJO<br><br>RESPONSE RE DEFENDANT'S LETTER TO THE COURT REGARDING RESTITUTION |

　　　On March 5, 2015, the Court received a letter from Defendant concerning the ongoing status of his restitution debt. Doc. 27 ("Letter"). This matter has been randomly assigned to the undersigned for purposes of responding to this communication.

　　　On March 23, 1999, after pleading guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113, Defendant was sentenced to serve a 63-month term of imprisonment followed by a 60-month term of supervised release. Doc. 23 (Judgment and Commitment). In addition, Defendant was ordered to pay restitution in the amount of $50,200.00 to WestAmerica Bank in Modesto, California. *Id*.

　　　Defendant has served his term of imprisonment and completed supervised release. In his Letter, Defendant explains that: (1) there were three individuals involved in the bank robbery to which Defendant pleaded guilty; and (2) two of the participants, including Defendant, were convicted, while a third was not, because he "turned state's evidence." Because there were three individuals involved in the bank robbery, Defendant believes he only owes one third of the restitution debt. Defendant further believes that because he has already paid $24,527.00 in restitution thus far, he has overpaid by $7,791.00. Defendant states in the second to last paragraph of his Letter that "[u]nil [he] is provided

with an explanation for this apparent inequity, [he] is going to cease restitution payments" but will set aside the money pending an explanation.

The Judgment and Commitment entered in this matter did not divide the restitution debt among the perpetrators of the crime. Rather, it imposed the full $50,200.00 debt upon Defendant. The other two perpetrators of the robbery were not ordered to pay restitution. Accordingly, there is no basis for Defendant's assertion that he is liable for only one third of the restitution debt. This Court no longer has jurisdiction to modify the Judgment in this case.

Pursuant to 18 U.S.C. § 3613(b) and (f), Defendant is liable for the full restitution debt for 20 years after he is released from prison. If he stops paying restitution, the victims are entitled to obtain a judgment against Defendant and may place a lien on his property pursuant to 18 U.S.C. § 3664(m)(1)(B)). Whether the victims chose to pursue such remedies is up to them, not the Court.

IT IS SO ORDERED.

Dated:   **March 15, 2015**          /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE